## Board of Drainage Commissioners of Henderson County v. Reichert, et al.

(Decided September 24, 1920.)

### Appeal from Henderson Circuit Court.

1. Drains—When Estimate of Viewers is Erroneous.—Under Kentucky Statutes, section 2830, subsection 26, providing that "no

bïd shall be entertained that exceeds the estimated cost, except for good and satisfactory reasons it shall be shown that the original estimate was erroneous," the estimate of the viewers is erroneous whenever the cost of the work will exceed the estimate, whether this condition be due to a mistake by the viewers or to an unexpected increase in the cost of labor and material.

2.   Mandamus—Drains—When Increased Cost of the Drain Over the Estimate Furnishes No Defense in an Action to Compel the Members of the Board of Drainage Commissioners to Perform Their Statutory Duty to Advertise for Bids and Let the Contract.— When the viewers' estimate of the cost of the drain is erroneous, the fact that it will cost more than the estimate furnishes no reason why the members of the Board of Drainage Commissioners should not comply with their statutory duty to advertise for bids and let the contract.

J. L. DORSEY, JR., for appellant.

CLAY & CLAY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

After the necessary preliminary proceedings, the county court of Henderson county entered an order, establishing and ordering the digging of a ditch in that county, known as the "Diamond Island Tile Ditch." In their final report, which was approved and confirmed, the viewers fixed the estimated cost of the ditch at $25,-000.00. By an order of the county court the matter was then referred to the board of drainage commissioners, with directions to advertise for bids and let the contract for the construction of the ditch in the manner required by law. After due advertisement only one bid was received, and that was $21,000.00 for furnishing the tile alone. This bid was reported to the court by the board, together with a statement that, owing to the high cost of material and the increased price of labor due to the war, it would cost more than $50,000.00 to do the work, and with the recommendation that the letting of the contract be held in abeyance until further orders of the court. On April 10, 1919, three of the parties in interest to the proceeding appeared in the county court and represented to the court that, owing to the improved condition of labor and the decrease in the cost of material, it was now desirable to proceed with the work. The county court entered an order directing the commissioners to proceed to advertise and let the contract under the former order of the court. Notwithstanding the

above order, the board of commissioners refused to advertise or let the work.

The parties in interest then instituted this proceeding against the board and its members to compel them to comply with the order. The petition alleged not only the foregoing facts, but the fact that the work could now be done for much less than it could have been done at the time the first bid was received. The members of the board contested the right of the plaintiffs to a mandamus on the ground that the work could not now be done without exceeding the estimated cost. A demurrer to the answer was sustained, and the defendants declining to plead further, a writ of mandamus was awarded. Defendants appeal.

The statute provides that "no bid shall be entertained that exceeds the estimated cost, except for good and satisfactory reasons it shall be shown that the original estimate was erroneous." Section 2380, subsection 26, Kentucky Statutes. It is insisted on behalf of the members of the board that this proceeding does not present a case of erroneous estimate. The argument is that the estimate was correct when made, and the increased cost was due to a change of conditions and not to any error in the estimate. We are not prepared to agree with this position. The statute contemplates that some time must necessarily elapse between the making of the estimate and the letting of the contract. Therefore, it seems to us that if the work cannot be done for the estimated cost, the estimate is erroneous, whether this condition be due to a mistake of the viewers when the estimate was made, or to an unexpected increase in the cost of labor and material. This view finds support in the recent case of Yewell v. Board of Drainage Commissioners of Daviess County, 187 Ky. 434, 219 S. W. 1049. The estimate being erroneous, the fact that the estimate would be exceeded furnishes no reason why the members of the board of drainage commissioners should not perform their statutory duty.

Judgment affirmed.